UNITED STATES of America, Plaintiff,

v.

Lawrence G. FRANKLIN, individually and as Agent of P & L Trust; Patricia K. Franklin; First Union National Bank, as successor in interest to Naples Federal Savings and Loan Association; Ray Riano, as Trustee of L and P Drywall Trust; A.J. Anderson, as Trustee of Trust # 2436–0193; P & L Trust; and Nationsbank, N.A., as successor in interest to The First National Bank in Fort Myers, Defendants.

No. 2:99–CV–1–FTM–29DNF.

United States District Court, M.D. Florida, Fort Myers Division.

July 26, 2001.

Order Denying Motion to Amend Aug. 22, 2001.

Samuel D. Armstrong, U.S. Attorney's Office, Ft. Myers, FL, Carol Koehler Ide, Debra A. Podurgiel, Marika Lancaster, U.S. Dept. of Justice, Tax Division, Washington, DC, for plaintiffs.

Lawrence G. Franklin, Patricia K. Franklin, [Pro se], Ft. Myers, FL, Nationsbank, N.A., David W. Denson, Richmond, VA, Thomas A. Dill, Echevarria & Assocs., P.A., Tampa, FL, for defendants.

### ORDER

STEELE, District Judge.

This case comes before the Court on three matters: (1) A determination of the amount of judgment to be entered against Lawrence G. Franklin and Patricia K. Franklin (defendants) after entry of a default; (2) The Motion by Plaintiff United States of America for Entry of Decree of Foreclosure (Doc. # 245); and defendants' Notice of Protest (Doc. # 251), which the Court construes as a motion to disqualify.

### (1) Notice of Protest

■ On May 25, 2001, defendants filed a Notice of Protest (Doc. # 251), which includes at paragraph 11 a request that the undersigned disqualify himself pursuant to 28 U.S.C. § 455. The Court finds that disqualification is not appropriate because none of the bases which require disqualification apply in this case. No objective, fully informed lay observer would entertain significant doubt about the undersigned's impartiality, the undersigned does not have a financial interest in the case, and the undersigned has no personal knowledge of disputed evidentiary facts concerning the proceedings. Accordingly, the request to disqualify will be denied.

### (2) Amount of Judgment

On March 30, 2001, the court entered an Order (Doc. # 237) directing that a default be entered as to Lawrence G. Franklin and Patricia K. Franklin. A Clerk's Entry of Default (Doc. # 238) was entered against the Franklins on April 3, 2001. On April 19, 2001, an evidentiary hearing was held to determine the amount to be included in the judgment to be entered against defendants. Counsel for the government was present at the hearing, as were both defendants in their *pro se* capacity. The Court admitted Plaintiff's Exhibit 1 and Defendants' Exhibits A, B and C into evidence without objection. (Docs. # 243, # 244).

The Declaration of Amount Due by Katherine Fisher with the Internal Revenue Service, Technical Support, Small Business/Self–Employed Division, Compliance Area 5 (Exhibit 1) certifies that, as of April 19, 2001, Lawrence G. Franklin and Patricia K. Franklin, jointly and severally, owe the following amounts for federal in-

come tax liabilities, interest and statutory additions: (1) Total Due for Period Ending December 31, 1987: $ 20,578.44; (2) Total Due for Period Ending December 31, 1988: $ 22,584.95; and (3) Total Due for Period Ending December 31, 1990: $ 36,349.66. The total sum owing for all three unpaid tax years is $ 79,513.05. Plaintiff offered the live testimony by an Internal Revenue Service case agent to supplement the Declaration, to which defendants responded "no comment." The Court found that such live testimony was unnecessary. Defendants introduced a letter from the Department of the Treasury (Exhibit A) dated November 21, 2000, written in response to a Freedom of Information Act (FOIA) request; a UCC–1 Financing Statement and UCC–3 Change Statement signed by Patricia Franklin (Exhibit B); and a UCC–1 Financing Statement and UCC–3 Change Statement signed by Lawrence G. Franklin (Exhibit C).

The Court, after due consideration, finds that the credible evidence establishes that defendants are liable for the amounts set forth in the Declaration of Amount Due by Katherine Fisher. Accordingly, the judgment to be entered will include those amounts.

### (3) Motion by Plaintiff United States of America for Entry of Decree of Foreclosure

The Motion by Plaintiff United States of America for Entry of Decree of Foreclosure (Doc. # 245) seeks entry of a decree of foreclosure. First Union National Bank, as successor in interest to defendant Naples Federal Savings of Loan Association, has filed a Notice of No Objection (Doc. # 254) to the motion. After considering the motion and the positions of defendants, the Court finds the motion is due to be granted. The decree of foreclosure will be entered separately.

### (4) Remaining Defendants

As to the remaining defendants, a Default Judgment (Doc. # 210) was entered against Ray Riano on November 20, 2000. A Clerk's Entry of Default (Doc. # 103) was entered against A.J. Anderson, as trustee, on April 17, 2000. A Default Judgment was never pursued against A.J. Anderson because he stipulated that he resigned as the trustee of Trust # 2436–0193 ten (10) years ago, and he does not owe a sum certain to the United States. (Docs. # 124, # 125). Nationsbank, N.A. and P & L Trust were found to have no lien right, title or interest in any real property. (Doc. # 178).

Accordingly, it is now

### ORDERED:

1. Defendants' Notice of Protest (Doc. # 251), which the Court construes as a motion to disqualify, is **DENIED.**

2. The Clerk is **directed** to enter Judgment in this case as follows:

(a) The Court finds that the purported conveyances of Lot 5, Block 29, FORT MYERS VILLAS, Unit 2–B, a subdivision according to the plat or map thereof as recorded in Plat Book 12 at Page 30, of the Public Records of Lee County, Florida, by indenture and quit claim deeds of April 16, 1992, and January 1, 1993, and the purported encumbrance by lien on January 1, 1993, were and are fraudulent as to the United States and are null and void;

(b) The Court finds that Lawrence G. Franklin and Patricia K. Franklin are the sole owners of Lot 5, Block 29, FORT MYERS VILLAS, Unit 2–B, a subdivision according to the plat or map thereof as recorded in Plat Book 12 at Page 30, of the Public Records of Lee County, Florida;

(c) The Court finds that the United States of America has valid and subsist-

ing Federal tax liens upon Lot 5, Block 29, FORT MYERS VILLAS, Unit 2–B, a subdivision according to the plat or map thereof as recorded in Plat Book 12 at Page 30, of the Public Records of Lee County, Florida;

(d) The Court finds that these Federal tax liens of the United States attached to the right, title and interest of defendants Lawrence G. Franklin and Patricia K. Franklin as of the dates of assessments of the subject liabilities;

(e) The Court finds that Lawrence G. Franklin and Patricia K. Franklin, jointly and severally, are indebted to the United States of America for unpaid taxes in the amount of $20,578.44 for the period ending December 31, 1987; $22,584.95 for the period ending December 31, 1988; and $36,349.66 for the period ending December 31, 1990; for the total sum of all three unpaid tax years in the amount of $79,513.05.

(f) The Court finds that A.J. Anderson as Trustee holds bare legal title to Lot 5, Block 29, FORT MYERS VILLAS, Unit 2–B, a subdivision according to the plat or map thereof as recorded in Plat Book 12 at Page 30, of the Public Records of Lee County, Florida, as the nominee of Lawrence G. Franklin and Patricia K. Franklin;

(g) The Court finds that the "Federal Common Law Lien" recorded against Lot 5, Block 29, FORT MYERS VILLAS, Unit 2–B, a subdivision according to the plat or map thereof as recorded in Plat Book 12 at Page 30, of the Public Records of Lee County, is a sham and of no effect;

(h) The Court finds that the Federal tax liens upon Lot 5, Block 29, FORT MYERS VILLAS, Unit 2–B, a subdivision according to the plat or map thereof as recorded in Plat Book 12 at Page 30, of the Public Records of Lee County, may be foreclosed; and

(i) The Court reserves jurisdiction to enter an order of sale, writs of assistance or any further order for the taxation of all costs of this proceeding, and for such other and further relief as may be appropriate.

3. The Motion by Plaintiff United States of America for Entry of Decree of Foreclosure (Doc. # 245) is **GRANTED**. A separate order will be entered hereafter.

### *ORDER*

This matter comes before the Court on Plaintiff's Motion to Alter or Amend Judgment (Doc. # 259), filed August 6, 2001, and Defendants' Petition to Vacate a Void Judgment (Doc. # 261), filed August 6, 2001. Defendants filed a Notice of Protest to Plaintiff's Motion to Alter or Amend (Doc. # 262) on August 16, 2001.

**A. Motion to Alter or Amend (Doc. # 259):**

Plaintiffs argue that the Order (Doc. # 256) and Judgment (Doc. # 257) failed to include a provision for the accrual of interest from April 19, 2001, the date of the evidentiary hearing (Doc. # 242), to the date of payment. Defendants argue that the motion is untimely and based on fraud because the judgment itself is void.

Plaintiff's motion is brought pursuant to Fed.R.Civ.P. 59(e), which states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Judgment was entered on July 26, 2001 and the instant motion was filed August 6, 2001. Therefore, pursuant to Fed.R.Civ.P. 6(a), the motion was timely filed.

■ As to the merits of the motion, plaintiff argues that the interest may be added pursuant to 26 U.S.C. § 6621 and § 6622. Section 6621 provides for the determination of the rate of interest for un-

derpayment to be the Federal short-term rate plus 3 percentage points. Section 6622 addresses the interest rate as compounding daily.

The Court, having reviewed the motion and supporting authority finds that the government's cited authority, filed pursuant to Local Rule 3.01(a), are insufficient to justify amending the judgment. Therefore the motion will be denied.

**B. Petition to Vacate a Void Judgment (Doc. # 261):**

Defendants argue that this Court does not, and did not have subject-matter jurisdiction over this matter at the time judgment was entered against them. Defendants argue that the state circuit court has "exclusive" jurisdiction over the real property the government seeks to foreclose. Defendants also argue that the Notices of Federal Tax Liens are fraudulent. No response has been filed.

The Court liberally construes the motion as pursuant to Fed.R.Civ.P. 60(b)(4). The Court finds the motion to be without merit, and the Court is not inclined to entertain arguments previously raised by defendants on numerous occasions. (*See* Docs. # 215, # 228, # 229, # 251).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Alter or Amend Judgment (Doc. # 259) is **DENIED**.

2. Defendants' Petition to Vacate a Void Judgment (Doc. # 261) is **DENIED**.